IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, National Council of HUD Locals Council 222, AFL-CIO, 451 7th St. SW, Washington D..C. 20410 Washington, DC 20410, <br><br>        Plaintiff, <br><br> v. <br><br> FEDERAL LABOR RELATIONS AUTHORITY, 1400 K Street NW, Washington, D.C. 20424, <br><br>        and <br><br> COLLEEN DUFFY KIKO, In her official capacity as Chairman of the Federal Labor Relations Authority, 1400 K Street NW, Washington, D.C. 20424, <br><br>        Defendants. | Civil Action No. _____ |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

INTRODUCTION

The American Federation of Government Employees National Council of HUD Locals, Council 222, AFL-CIO ("Council 222") challenges the decisions of the Federal Labor Relations Authority ("Authority") in *Department of Housing and Urban Development and AFGE, Council of HUD Locals 222*, 70 F.L.R.A. 605 (2018) ("*HUD VIII*"), and *Department of Housing and Urban Development and AFGE, Council of HUD Locals 222*, 71 F.L.R.A. 17 (2019) ("*HUD IX*") (denying reconsideration of *HUD VIII*).

1

In *HUD VIII* and *HUD IX*, the Authority exceeded its power under the Federal Service Labor-Management Relations Statute, 5 U.S.C. Chapter 71, (the "Statute") by vacating numerous final and binding arbitration awards and Authority decisions in the same matter, some of which had been final and binding for a decade or more. The Authority did so over the dissent of Member Ernest DuBester, who noted, *inter alia*, that the Statute does not permit the Authority to retroactively invalidate previous, final and binding decisions. *HUD VIII* at 609. The Statute instead requires that both arbitration awards and Authority decisions become final and binding when no appeal is taken or when any appeals on the issue involved have been exhausted. The Authority's decisions were therefore ultra vires, arbitrary, capricious, an abuse of discretion, and not in accordance with law. Copies of the Authority's decisions in *HUD VIII* and *HUD IX* accompany this complaint.

The Authority's decisions to overturn final and binding arbitration awards and vacate over a decade of its own prior decisions undermine the rule of law. And the Authority has offered no convincing explanation for its choice to reach back and disturb previously settled matters nor does it explain the source of its purported power to do so.

Contrary to the Authority's decisions, the Statute requires that any grievance not satisfactorily settled under a negotiated grievance procedure shall be subject to <u>binding</u> arbitration, which may be invoked by either party. 5 U.S.C. §7121(b)(1)(c)(iii). The Statute also mandates that if no exceptions are raised to an arbitration award within 30 days of its issuance then the award becomes <u>final and binding</u>. 5 U.S.C. § 7122(b). Likewise, if exceptions to an arbitration award are raised and decided by the Authority, the Authority's decision on those exceptions becomes final and binding if no further review is sought. Nowhere does the Statute give the Authority the power to revisit a final and binding decision in a case and simply change

course. The Authority's decisions in *HUD VIII* and *HUD IX* are thus a clear violation of mandatory requirements set forth in the Statute and are in excess of the Authority's statutory powers. *See* 5 U.S.C. §§ 7105(a)(2)(H), 7122(b). Accordingly, the decisions of the Authority in *HUD VIII* and *HUD IX* should be vacated.

I. <u>JURISDICTION</u>

1. The court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702.
2. AFGE seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

II. <u>VENUE</u>

3. Pursuant to 28 U.S.C. § 1391(e)(1), the District of Columbia is a proper venue for this action because Plaintiff has its headquarters here and because Defendants are also headquartered here.

III. <u>PARTIES</u>

4. Council 222 is a labor organization and unincorporated association located at 451 7th St. SW, Washington, D.C. 20410. The Council represents Department of Housing and Urban Development ("HUD") employees, excluding all management officials, supervisors, and employees described in 5 U.S.C. §§ 7112(b)(2), (3), (4), (6), and (7).
5. Council 222 is affiliated with the American Federation of Government Employees, AFL-CIO.
6. Defendant Federal Labor Relations Authority is a federal agency whose headquarters are located at 1400 K Street NW, Washington, D.C. 20424.
7. Defendant Colleen Duffy Kiko is the Chairman of the Authority. She is sued solely in her official capacity. Defendant Kiko was appointed to the Authority on December 11, 2017.

**The Federal Service Labor-Management Relations Statute**

8. When enacting Chapter 71, Congress explicitly found that labor organizations and collective bargaining are in the public interest. 5 U.S.C. § 7101(a).

9. Congress also found that labor organizations and collective bargaining also facilitates and encourages the amicable settlements of disputes between employees and their employers involving conditions of employment. 5 U.S.C. § 7101(a)(1)(c).

10. Chapter 71 created the Authority and charged it with taking the necessary and appropriate actions to effectively administer the provisions of Chapter 71. 5 U.S.C. § 7105(a)(2)(I).

11. 5 U.S.C. § 7121 requires that all collective bargaining agreements negotiated under Chapter 71 include a negotiated grievance procedure concluding in binding arbitration.

12. 5 U.S.C § 7122(a) provides that either party to an arbitration may file with the Authority an exception to any arbitrator's award.

13. 5 U.S.C. § 7122(b) provides that if no exception to an arbitration award is filed during the 30-day period beginning on the date the award is served on the party, the award shall be final and binding.

14. The Authority has concluded that an arbitral award becomes final and binding when there are no timely exceptions filed or when timely-filed exceptions are denied by the Authority. *American Federation of Government Employees, Local 2054 and United States Department of Veterans Affairs*, 58 F.L.R.A. 163, (2002).

**FACTS**

15. At all times relevant to this complaint, Council 222 and HUD were parties to a collective bargaining agreement ("CBA") that provided for final and binding arbitration under the Statute.

16. On November 30, 2002, Council 222 filed a grievance under the parties' CBA.

17. The grievance alleged that HUD violated Articles 4, 9, and 13, of the CBA by advertising and filling certain positions with promotion potential to GS-13 in a manner that deprived employees occupying similar positions with promotion potential to GS-12, of the opportunity to be non-competitively promoted to GS-13. (the "promotion opportunity grievance").

18. On January 17, 2003, HUD denied the promotion opportunity grievance.

19. HUD claimed, *inter alia,* that the grievance was precluded by Section 7121(c)(5) of the Statue.

20. Council 222 and HUD did not agree on a resolution and the promotional opportunity grievance proceeded to arbitration.

21. On or about April 7, 2003, and May 25, 2003, a hearing was held before Arbitrator Andree McKissick. The issue was "Whether or not this grievance is arbitrable?"

22. On or about June 23, 2003, Arbitrator McKisscick issued an award finding that the promotion opportunity grievance was arbitrable and that it did not involve a classification matter under Section 7121(c)(5) of the Statute. ("June 23, 2003 Award")

23. On or about July 28, 2003, HUD filed exceptions with the Authority to the June 23, 2003 Award. HUD's exceptions argued, *inter alia*, that the award involved a

classification matter because it pertained to the reclassification of positions and was therefore barred by 5 U.S.C. § 7121(c)(5).

24. The Authority issued a decision on HUD's exceptions on February 11, 2004, in *United States Department of Housing and Urban Development and American Federation of Government Employees National Council of HUD Locals 222*, 59 F.L.R.A. 630 (2004*) ("HUD I")*

25. The Authority remanded the matter back to Arbitrator McKissick for clarification of the June 23, 2003 Award's reference to the reclassification of positions.

26. The Authority stated that, "the arbitrator (1) would not have jurisdiction over a grievance concerning [reclassifying the grievants' permanent position to have noncompetitive promotion potential to GS-13] but (2) would have jurisdiction over a grievance alleging a right to be placed in previously-classified positions."

27. Following a hearing, Arbitrator McKissick issued a clarification award on January 24, 2007 (the "January 24, 2007 Award"). The January 24, 2007 Award clarified that the grievance alleged the right to be placed in a previously classified position.

28. Council 222 and HUD thereafter had a hearing before Arbitrator McKissick over the merits of the promotion opportunity grievance on July 15, 2008 and August 28, 2008.

29. The stipulated issues were: Whether [HUD] violated the CBA, law, rule or other regulation by failing to treat bargaining unit employees fairly and equitably at the time it posted vacancy announcements for newly-created positions until present? If so, what shall be the remedy.

30. Arbitrator McKissick issued an award on the promotion opportunity grievance on September 29, 2009 (the "September 29, 2009 Award").

31. The Arbitrator sustained the grievance and ordered an organizational upgrade of affected positions by upgrading the journeyman level for all the subject positions to GS-13 level retroactively from 2002.

32. On October 30, 2009, HUD filed exceptions to the September 29, 2009 Award.

33. HUD argued that the September 29, 2009 Award ordered the upgrade of existing positions, which was an improper reclassification of positions in violation of 5 U.S.C. § 7121(c)(5).

34. On January 26, 2011, the Authority affirmed that the grievance did not concern classification within the meaning of 5 U.S.C. §7121(c)(5). *United States Department of Housing and Urban Development and American Federation of Government Employees National Council of HUD Locals 222*, 65 F.L.R.A. 433, 2011. (*HUD II*).

35. However, the Authority held that the remedy ordered by the arbitrator did concern a classification matter. The Authority therefore set aside the remedy and remanded the matter back to the parties for settlement or resubmission to Arbitrator McKissick if no settlement could be reached.

36. HUD did not seek further review of *HUD II*.

37. Following the remand of *HUD II*, the parties could not reach agreement on an appropriate remedy.

38. Council 222 resubmitted the issue to Arbitrator McKissick and asked that she exercise her authority to provide an alternative remedy.

39. The Arbitrator then directed both parties to submit proposed alternative remedies.

40. Council 222 submitted proposed alternative remedies to Arbitrator McKissick.

41. HUD did not submit proposed remedies to Arbitrator McKissick.

42. On January 10, 2012, McKissick issued a new remedy award (the "January 10, 2012 Award").

43. In the January 10, 2012 Award, Arbitrator McKissick ordered HUD, *inter alia*, to: 1) retroactively and permanently promote all affected bargaining-unit employees into currently existing career-ladder positions with GS-13 promotion potential; and (2) retroactively select GS-12 affected employees to fill vacant career-ladder positions for which they applied, (3) allow one priority consideration to each grievant and re-run selections for all vacancies that [HUD] filled in violation of the CBA between 2002 and the present, and (4)…place all affected bargaining-unit employees into an unclassified position description identical to those of the newly-hired current GS-13 employees and grade those PDs [and] retroactively place the Grievants in them.

44. On February 10, 2012, HUD filed exceptions to the January 10, 2012 Award.

45. On August 8, 2012, the Authority dismissed HUD's exceptions. *United States Department of Housing and Urban Development and American Federation of Government Employees National Council of HUD Locals 222*, 66 F.L.R.A. 867, 2012. ("*HUD III*").

46. HUD did not seek further review of *HUD III*.

47. Following the Authority's dismissal of HUD's exceptions to the January 10 2012 Award the parties were unable to agree on how to implement the remedies ordered by Arbitrator McKissick.

48. On February 4, 2014, the parties began a series of meetings with the arbitrator that were intended to facilitate implementation of the January 10 2012 Award. After each

meeting, Arbitrator McKissick memorialized and provided a summary of the parties' discussions at the meeting.

49. Arbitrator McKissick issued a total of 10 summaries over the course of approximately 3 years.

50. Specifically, the arbitrator issued summaries on: March 14, 2014 (Summary 1), May 17, 2014 (Summary 2), August 2, 2014 (Summary 3), January 10, 2015 (Summary 4), February 27, 2015 (Summary 5), May 16, 2015 (Summary 6), June 27, 2015 (Summary 7), February 27, 2016 (Summary 8), March 26, 2016 (Summary 9), and June 30, 2016 (Summary 10).

51. Each summary involved the identification of grievants, clarification of members of the class of grievants, the damages period, and/or the conduct of more formal hearings on the implementation of the January 10, 2012 Award.

52. HUD did not file exceptions to Summaries 1, 2, 4, 5, 7, 8 or 9, or contest them in any other fashion.

**Summary 3**

53. In Summary 3, Arbitrator McKissick ordered, *inter alia*, the Parties to make substantial progress on identifying class members. The parties were instructed that based upon this Arbitrator's award, as an example, all GS-1101 employees at the GS-12 level from 2002 to present were to be promoted, per the Back Pay Act and CBA, with backpay and interest, as of their earliest date of eligibility.

54. HUD filed exceptions to Summary 3 on September 4, 2014, arguing, among other things, Summary 3 modified the remedial award.

55. On May 22, 2015, the Authority dismissed HUD's exceptions to Summary 3. *United States Department of Housing and Urban Development and American Federation of Government Employees National Council of HUD Locals 222*, 68 F.L.R.A. 631 (2015) ("*HUD IV*"). The Authority held, *inter alia*, that HUD's exceptions were untimely because its exceptions to the third summary challenged findings that originally appeared in the remedial award or, at the latest, the second summary.

56. HUD then requested reconsideration of *HUD IV*.

57. The Authority denied HUD's request for reconsideration and motion for stay of its decision in *HUD IV* on or about November 4, 2015. *United States Department of Housing and Urban Development and American Federation of Government Employees National Council of HUD Locals 222,* 69 F.L.R.A. 60, 2015. ("*HUD V*").

58. HUD did not seek further review of *HUD IV* or *HUD V*.

    **Summary 6**

59. In Summary 6, Arbitrator McKissick, *inter alia,* adapted Council 222's methodology identifying class members and clarified that the class of employees eligible for the relief stated include: any employee who encumbered any position in any job series identified in the Hearing Exhibits as noted in the Award and presented by the Union.

60. HUD filed exceptions to Summary 6 with the Authority in June 2015.

61. HUD again argued, *inter alia*, that the remedy directed by the arbitrator was contrary to 5 U.S.C. § 7121(c)(5) because it impacted a large number of employees.

62. On February 25, 2016, the Authority dismissed in part and denied in part HUD's exceptions to Summary 6. *United States Department of Housing and Urban*

*Development and American Federation of Government Employees National Council of HUD Locals 222*, 69 F.L.R.A. 213, 2016. *("HUD VI")*.

63. The Authority found that the number of employees affected by the remedy was irrelevant to whether the remedy concerned a classification matter under 5 U.S.C. § 7121(c)(5) and that, in any event, HUD had forfeited its argument by failing to raise it in a timely manner.

64. HUD filed a motion for reconsideration and a motion to stay the decision in *HUD VI*.

65. The Authority denied HUD's motions on or about November 3, 2016. *United States Department of Housing and Urban Development and American Federation of Government Employees National Council of HUD Locals 222,* 70 F.L.R.A. 38, 2016 ("*HUD VII*").

66. HUD did not seek further review of *HUD VI* or *HUD VII*.

**Summary 9**

67. In Summary 9 Arbitrator McKissick ruled that she would conduct a formal hearing on the record with testimony if necessary. She stated she would sign subpoenas served by the Union as long as the Agency and witnesses were provided sufficient notice.

68. HUD did not file exceptions to Summary 9.

**Summary 10, *HUD VIII* and *HUD IX***

69. In Summary 10, Arbitrator McKissick notified the parties of her intent to schedule a hearing in order to continue implementation of the January 10, 2012 Award.

70. On July 29, 2016, HUD filed exceptions to Summary 10.

71. HUD argued, *inter alia,* that Summary 10 modified January 10, 2012 Award by calling for a hearing.

72. The Authority issued an Order to Show Cause on September 15, 2016, ordering HUD to show cause why its exceptions were not untimely, inasmuch as HUD had failed to challenge the arbitrator's decision to also order a hearing in Summary 9.

73. The Authority did not discharge the Order to Show Cause.

74. On May 24, 2018, without granting or denying exceptions filed by HUD vacated HUD I through HUD VII, and all related arbitration awards and summaries. *United States Department of Housing and Urban Development and American Federation of Government Employees National Council of HUD Locals 222,* 70 F.L.R.A. 605, 2018 ("*HUD VIII*").

75. The Authority claimed, notwithstanding the final and binding status of *HUD II* and *HUD III*, that the promotion opportunity grievance concerned a classification matter and was therefore barred from the parties' negotiated grievance procedure pursuant to 5 U.S.C. § 7121(c)(5).

76. On June 8, 2018, Council 222 filed a timely motion for reconsideration of the Authority's decision in *HUD VIII*.

77. Council 222 argued, among other things, that the Authority's decision in *HUD VIII* was ultra vires because it violated 5 U.S.C. § 7122(b) by vacating previously final and binding awards and decisions.

78. In the motion for reconsideration, Council 222 also explained that HUD's exceptions to Summary 10 were untimely because HUD's exceptions to Arbitrator McKissick's ordering of a hearing were, in fact, exceptions to Arbitrator McKissick's reiteration of a hearing referred to in Summary 9, which was issued on March 26, 2016.

79. On February 8, 2019, the Authority, by a 2-1 vote over Member DuBester's dissent, denied Council 222's motion for reconsideration. *Dep't of Housing and Urban Development and AFGE, Council 222*, 71 F.L.R.A. 6 (2019) ("*HUD IX*").

80. In so doing, the Authority conceded that Summaries 1 – 9 were final and binding.

## COUNT I

*Ultra Vires*

81. Council 222 realleges and incorporates by reference the allegations contained in paragraphs 1 through 80.

82. 5 U.S.C. § 7121(b)(1)(C)(iii) requires that grievances filed pursuant to a negotiated grievance procedure negotiated under the Statute, if not settled, be subject to binding arbitration.

83. 5 U.S.C. § 7122(b) requires that arbitration awards become final and binding if no exceptions are filed.

84. 5 U.S.C. § 7105 does not grant the Authority the power to reverse, vacate, or modify, final and binding decisions or awards as to the matter in which they were issued.

85. By vacating *HUD I* thru *HUD VII* and all associated arbitration awards and summaries, including awards or summaries to which no exceptions were taken, the Authority exceeded it powers under the Statute.

86. By vacating the final and binding decisions the Authority acted contrary to the clear and mandatory requirements of 5 U.S.C. § 7121(b)(1)(C)(iii) and 5 U.S.C. § 7122(b).

87. Consequently, *HUD VIII* and *HUD IX* are ultra vires and void.

## COUNT II

*Violation of the Administrative Procedure Act*
*5 U.S.C. § 706(2)(C)*

88. Council 222 realleges and incorporates by reference the allegations contained in paragraphs 1 through 80.

89. 5 U.S.C. § 7121(b)(1)(C)(iii) requires that grievances filed pursuant to a negotiated grievance procedure negotiated under the Statute, if not settled, be subject to binding arbitration.

90. 5 U.S.C. § 7122(b) requires that arbitration awards become final and binding if no exceptions are filed.

91. 5 U.S.C. § 7105 does not grant the Authority the power to reverse, vacate, or modify, final and binding decisions or awards as to the matter in which they were issued.

92. By vacating *HUD I* thru *HUD VII* and all associated arbitration awards and summaries, including awards or summaries to which no exceptions were taken, the Authority exceeded it powers under the Statute.

93. By vacating the final and binding decisions the Authority acted contrary to the clear and mandatory requirements of 5 U.S.C. § 7121(b)(1)(C)(iii) and 5 U.S.C. § 7122(b).

94. Consequently, HUD VIII and HUD IX are contrary 5 U.S.C. § 706(2)(c).

## COUNT III

Ultra Vires
5 U.S.C. § 706(2)(A)

95. AFGE Council 222 realleges and incorporates by reference the allegations contained in paragraphs 1 through 80.

96. 5 U.S.C. 7122(b) prohibits vacating final and binding arbitration awards.

97. By refusing to uphold the final and binding arbitral decisions underlying and in *HUD 1* thru *HUD VII* and Summaries 1 thru 9, the Authority is in violation of 5 U.S.C. 7121(b)(1)(c)(iii).

98. By vacating the final and binding decisions in the above paragraph the Authority acted contrary to a clear and mandatory provision of the Statute.

99. Therefore, the Authority's decision in *HUD VIII*, 70 F.L.R.A. 605 (2018), and the Authority's denial of reconsideration in *HUD IX,* 70 F.L.R.A. 17 (2019), are arbitrary, capricious, and an abuse of discretion in violation of 5 U.S.C. § 706(2)(A).

## COUNT IV

5 U.S.C. § 706(2)(A)

100.  AFGE Council 222 realleges and incorporates by reference the allegations contained in paragraphs 1 through 80.

101.  5 U.S.C. 7121(b)(1)(c)(iii) guarantees grievances, filed pursuant to procedures negotiated under the Statute, that are not settled shall be subjected to binding arbitration.

102.  By refusing to uphold the final and binding decisions in *HUD 1* thru *HUD VII* and Summaries 1 thru 9, the Authority is in violation of 5 U.S.C. 7121(b)(1)(c)(iii).

103.  By vacating the final and binding decisions in the above paragraph the Authority acted contrary to a clear and mandatory provision of the Statute.

104.  Therefore, the Authority's decision in *HUD VIII*, 70 F.L.R.A. 605 (2018), and the Authority's denial of reconsideration in *HUD IX,* 70 F.L.R.A. 17 (2019), are arbitrary, capricious, and an abuse of discretion in violation of 5 U.S.C. § 706(2)(A).

## RELIEF REQUESTED

AFGE respectfully requests that this Court enter an **ORDER:**

(1) Vacating the Authority's decisions in *HUD VIII* and *HUD IX*; and

(2) Declaring the Authority's decision in *HUD VIII* and *HUD IX* ultra vires and void, and in violation of the Administrative Procedure Act; and

(3) Granting such other relief as this Court deems necessary and proper.

Respectfully Submitted,

  /s/ Andres M. Grajales
Andres M. Grajales
Deputy General Counsel
D.C. Bar No. 476894
AFGE, Office of the General Counsel
80 F Street, N.W.
Washington, D.C. 20001
Tel.:   (202) 639-6426
Fax.:   (202) 379-2928
Email: Grajaa@afge.org

  /s/ Mark L. Vinson
Mark L. Vinson*
Assistant General Counsel
D.C. Bar No. 478175
AFGE, Office of the General Counsel
80 F Street, N.W.
Washington, D.C. 20001
Tel.:   (202) 639-6426
Fax.:   (202) 379-2928
Email: vinsom@afge.org
*Lead Counsel

Attorneys for AFGE